IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES M. ROYSDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-CV-00779 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| JERMARIS PORTER, ET AL., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 49, "R&R") of the Magistrate Judge, which recommends that the Court grant Defendant Tennessee Department of Correction Commissioner Frank Strada's ("Defendant") motion to dismiss (Doc. No. 40, "Motion"), thereby dismissing all claims from Plaintiff's amended complaint (Doc. No. 16) against Defendant. This would have the effect of removing Defendant as a party in this case. No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> Plaintiff James Roysdon is an inmate of the Tennessee Department of Correction ("TDOC"). In this lawsuit, he seeks remedies for alleged violations of his federal

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on May 22, 2025, and as of June 23. 2025, Plaintiff has not filed any objections.

> constitutional rights, as well as violations of state law, based upon events that occurred during his confinement at the Trousdale Turney Correctional Center in Hartsville, Tennessee, a TDOC facility where he was previously confined. *See* Amended Complaint (Docket Entry No. 16).
>
> One of the named Defendants is Frank Strada, the TDOC Commissioner. On March 26, 2025, Defendant Strada filed a motion to be dismissed from the case. *See* Motion to Dismiss (Docket Entry No. 40). In a response to the motion, Plaintiff states, "Plaintiff hereby agrees to the motion to dismiss against Frank Strada" and "I hereby ask the Judge to dismiss lawsuit against defendant Frank Strada in Case No. 3:23-cv-00779." See Response (Docket Entry No. 45) at 1-2.

(Doc. No. 49 at 1). The Magistrate Judge concluded that the Court should grant the Motion. Specifically, the Magistrate Judge concluded that the Court should dismiss Plaintiff's claims against Defendant given Plaintiff's stated non-opposition to the Motion and his explicit agreement to the dismissal of Defendant (Doc. No. 45 at 1).

No party has filed objections to the R&R, and the time to file objections with the Court has passed.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply

summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 49) is adopted and approved. Accordingly, Defendant's motion to dismiss (Doc. No. 40) is GRANTED and claims against Defendant from Plaintiff's amended complaint (Doc. No. 16) are DISMISSED WITH PREJUDICE. All other claims in this matter remain pending.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE